MDR

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Travis R. Wilcox,

                Plaintiff,

v.

Clayton Peck, et al.,

                Defendants.

No.    CV-24-08115-PCT-JAT (ASB)

**ORDER**

       Self-represented Plaintiff Travis R. Wilcox was confined in the Yavapai County Detention Center when he filed this action but currently is confined in the Arizona State Prison Complex-Yuma.  Initially, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), proposed summonses (Doc. 4), and a letter seeking the appointment of counsel (Doc. 5). Subsequently, he filed a Motion to Appoint Legal Counsel (Doc. 7), a Motion for Judgment of Default (Doc. 12), and a Motion for Judgment by Default (Doc. 15).  The Court will grant the Application to Proceed, dismiss the Complaint with leave to amend, deny the letter and motion seeking counsel, and deny the motions seeking default judgment.

**I.**    **Application to Proceed In Forma Pauperis and Filing Fee**

       The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee. *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited

JDDL-K

1    to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C.

2    § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government

3    agency to collect and forward the fees according to the statutory formula.

4    **II.     Statutory Screening of Prisoner Complaints**

5           The Court is required to screen complaints brought by prisoners seeking relief

6    against a governmental entity or an officer or an employee of a governmental entity.  28

7    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

8    has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

9    relief may be granted, or that seek monetary relief from a defendant who is immune from

10   such relief.  28 U.S.C. § 1915A(b)(1)–(2).

11          A pleading must contain a "short and plain statement of the claim *showing* that the

12   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

13   not demand detailed factual allegations, "it demands more than an unadorned, the-

14   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

15   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

16   conclusory statements, do not suffice."  *Id.*

17          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

18   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

19   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

20   that allows the court to draw the reasonable inference that the defendant is liable for the

21   misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

22   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

23   experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

24   allegations may be consistent with a constitutional claim, a court must assess whether there

25   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

26          But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

27   must "continue to construe [self-represented litigant's] filings liberally."  *Hebbe v. Pliler*,

28   627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a self-represented prisoner]

1   'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.*

2   (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

3       If the Court determines that a pleading could be cured by the allegation of other

4   facts, a self-represented litigant is entitled to an opportunity to amend a complaint before

5   dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en

6   banc). The Court will dismiss Plaintiff's Complaint for failure to state a claim, with leave

7   to amend because it may possibly be amended to state a claim.

8   **III.   Complaint**

9       In his three-count Complaint,[1] Plaintiff sues Defendant Yavapai County Adult

10   Probation Department Officer Clayton Peck and Supervisor Chad Fieple in their individual

11   and official capacities. He seeks monetary damages and for Defendant Peck to be

12   disciplined.

13       In **Count One**, Plaintiff alleges a violation of his right to due process and the

14   prohibition against unreasonable searches and seizures. He contends he was released to a

15   rehabilitation facility, contracted meningitis, was taken to a hospital, and was then

16   discharged from the rehabilitation facility because he had a highly contagious disease.

17   Plaintiff asserts he was in contact with his probation officer the "whole time."

18       Plaintiff alleges Defendant Peck received a false tip that Plaintiff was selling

19   fentanyl to a 17-year-old and "made it his mission to get [Plaintiff] off the streets by any

20   means." Plaintiff asserts Defendant Peck told him to report to a drug testing facility for a

21   urinalysis, despite knowing the facility would not allow Plaintiff into the facility because

22   he had meningitis. He contends he called the facility and asked if he could come in, but

23   the facility told him "absolutely not."

24       Plaintiff alleges that when he informed Defendant Peck that the facility would not

25   allow him to come inside, Defendant Peck told him, "ok." However, Defendant Peck

26   proceeded to obtain a warrant for Plaintiff's arrest. Plaintiff alleges Defendant Peck "went

27    

28        [1] Plaintiff's Complaint contains numerous minor misspellings. The Court, when quoting the Complaint, has corrected these without specifically noting them.

before a magistrate and swore an oath" that Plaintiff did not go for the urinalysis, but "only told half of the story" and "maliciously omitted that [Plaintiff] had meningitis." He claims Defendant Peck omitted "crucial facts [in] his sworn affidavit" and "lied to get a warrant."

In **Count Two**, Plaintiff alleges he was subjected to a "conspiracy to interfere with civil rights." He claims Defendant Peck "worked with an unverified informant" who falsely stated that Plaintiff was selling fentanyl to the informant's 17-year-old sister. Plaintiff asserts the informant has "informed on many people for silent witness money." Plaintiff contends the informant was sitting in Plaintiff's chair in Plaintiff's room where 2.3 grams of methamphetamine were found. He alleges six police officers had searched for over an hour, but Defendant Peck found the drugs five minutes after he arrived because the informant told him "where the drugs she placed were [located]." He claims this was a "conspiracy to deprive [him] of liberty & property & life."

In **Count Three**, Plaintiff raises a negligence claim. He alleges Defendant Fieple failed to supervise Defendant Peck. Plaintiff asserts Defendant Fieple knew Defendant Peck was "operating outside his authority" to arrest Plaintiff. He contends Defendant Peck went to Plaintiff's house with five sheriff's deputies to conduct a urinalysis, but Plaintiff was not home. According to Plaintiff, the deputies left, but Defendant Peck remained alone with his daughter, took her cell phone, and would not allow her to call Plaintiff. He asserts that after an hour, his daughter demanded her phone to call Defendant Peck's supervisor. Plaintiff contends his daughter called Defendant Fieple, who "made [Defendant] Peck leave."

Plaintiff also contends Defendant Fieple was aware that Plaintiff had meningitis and the drug testing facility would not allow him to enter the facility, but "allowed [Defendant] Peck to get a warrant on a lie."

## IV.   Failure to State a Claim

Although self-represented pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal

interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

### A.     Individual and Official Capacity Claims

A suit against a defendant in his or her *individual* capacity seeks to impose personal liability upon the official. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). By comparison, a suit against a defendant in his or her *official* capacity represents only another way of pleading an action against the entity that employs the defendant. *Kentucky v. Graham*, 473 U.S. at 165. That is, the real party in interest is not the named defendant, but the entity that employs the defendant. *Id.* To bring a claim against an individual in his official capacity, a plaintiff must show that the constitutional deprivation resulted from the entity's policy, custom, or practice. *Id.*; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Although Plaintiff has named Defendants in both their individual and official capacities, Plaintiff's allegations fail to plausibly show that any policy, practice, or custom of any entity has resulted in his alleged injuries. Accordingly, the Court will construe Plaintiff's claims as directed against the Defendants in their *individual* capacities only and will evaluate them accordingly.

### B.     Defendant Peck

A prisoner's claim for damages cannot be brought under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's claims against Defendant Peck in Counts One and Two imply the invalidity of his convictions,[2] and are therefore barred by *Heck*. *See Guerrero v. Gates*,

---

[2] On May 24, 2024, Plaintiff's probation in Yavapai County Superior Court case #P1300CR202200720 was revoked and he was sentenced to 1.5 years in prison. *See* https://apps.supremecourt.az.gov/publicAccess/minutes.aspx (search "Court" for

442 F.3d 697, 703 (9th Cir. 2006) ("Wrongful arrest, malicious prosecution, and a conspiracy among . . . officials to bring false charges against [plaintiff]" were barred by *Heck*); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred plaintiff's civil rights claims for false arrest and false imprisonment until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) ("There is no question that *Heck* bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."); *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (per curiam) (claims that police officers committed perjury and coerced witnesses to wrongfully identify plaintiff were barred by *Heck*).

Thus, the Court will dismiss without prejudice Counts One and Two and Defendant Peck.

### C.    Defendant Fieple

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; *see also Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). Section 1983 does not provide a cause of action for violations of state law or state constitutional rights. *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981). Negligence is a state law claim. Thus, the Court will dismiss Count Three and Defendant Fieple.

Moreover, as to Plaintiff's claim against Defendant Fieple regarding the issuance of a warrant for Plaintiff's arrest, this claim is barred by *Heck*. And as to Plaintiff's daughter, a non-lawyer may appear on his own behalf in his own case but "has no authority to appear as an attorney for others than himself." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). A "'plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 610 (9th Cir. 2005) (quoting *Warth v.*

"Yavapai County Superior" and "Case Number" for "CR-202300691"; click on hyperlink for "6/6/24 Minute Entry") (last visited Aug. 13, 2024). The same day, in Yavapai County Superior Court case #S1300202300691, Plaintiff, who had pleaded guilty in that case, was sentenced to three years in prison for possession or use of methamphetamine. *Id.*

*Seldin*, 422 U.S. 490, 499 (1975)); *see also Johns*, 114 F.3d at 876 ("constitutional claims are personal and cannot be asserted vicariously").  Thus, to the extent Plaintiff's claims are premised on violations of his daughter's rights, he has failed to state a claim.

**V.    Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI.    Counsel**

In his letter, which is addressed to the Clerk of Court, Plaintiff seeks the appointment of counsel.  In his Motion to Appoint Legal Counsel, Plaintiff seeks the appointment of counsel to "assist in obtaining documents and records" because Plaintiff is incarcerated and "it will be difficult to prepare a sufficient case."

First, it is improper for a party to communicate by mailing a letter directly to the Clerk of Court, the judge, or any court personnel.  Any request for action by the Court must

1  be in the form of a motion that complies with the Federal Rules of Civil Procedure and the

2  Rules of Practice of the United States District Court for the District of Arizona (the Local

3  Rules).  Any future letters directed to the Clerk of Court, the judge, or any court personnel

4  will be stricken from the record and will be returned to Plaintiff.

5         Second, there is no constitutional right to the appointment of counsel in a civil case.

6  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings in forma

7  pauperis, the court may request an attorney to represent any person unable to afford one.

8  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required

9  only when "exceptional circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015,

10  1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires

11  an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to

12  articulate his claims on his own in light of the complexity of the legal issue involved.  *Id.*

13  "Neither of these factors is dispositive and both must be viewed together before reaching

14  a decision."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

15         Having considered both elements, it does not appear at this time that exceptional

16  circumstances are present that would require the appointment of counsel in this case.

17  Plaintiff is in no different position than many self-represented prisoner litigants.  Thus, the

18  Court will deny without prejudice Plaintiff's requests for counsel.

19  **VII.   Default Judgment**

20         First, there is no basis for a default judgment.  Before a *default judgment* may be

21  entered, the Clerk of Court must first enter *default*.  *See VonGrabe v. Sprint PCS*, 312 F.

22  Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that

23  entry of default by the clerk is a prerequisite to an entry of default judgment.").  Second,

24  the Clerk of Court could not have entered default because defendants are not required to

25  answer a prisoner's complaint filed under federal law until the Court has completed the

26  screening process required by 28 U.S.C. § 1915A(a) and has required defendants to file an

27  answer.  *See* 42 U.S.C. § 1997e(g).  The Court has not required Defendants to answer.

28

1  Thus, the Court will deny Plaintiff's Motion for Judgment of Default and Motion for

2  Judgment by Default.

3  **VIII.   Warnings**

4       **A.   Release**

5       If Plaintiff is released while this case remains pending, and the filing fee has not

6  been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court

7  that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

8  (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may

9  result in dismissal of this action.

10       **B.   Address Changes**

11       Plaintiff must file and serve a notice of a change of address in accordance with Rule

12  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

13  relief with a notice of change of address.  Failure to comply may result in dismissal of this

14  action.

15       **C.   Possible "Strike"**

16       Because the Complaint has been dismissed for failure to state a claim, if Plaintiff

17  fails to file an amended complaint correcting the deficiencies identified in this Order, the

18  dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

19  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

20  judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

21  occasions, while incarcerated or detained in any facility, brought an action or appeal in a

22  court of the United States that was dismissed on the grounds that it is frivolous, malicious,

23  or fails to state a claim upon which relief may be granted, unless the prisoner is under

24  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

25       **D.   Possible Dismissal**

26       If Plaintiff fails to timely comply with every provision of this Order, including these

27  warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d

28

at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

      (1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

      (2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

      (3)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

      (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

      (5)    The Clerk of Court must not issue the proposed summonses (Doc. 4).

      (6)    Plaintiff's letter seeking the appointment of counsel (Doc. 5), Motion to Appoint Legal Counsel (Doc. 7), Motion for Judgment of Default (Doc. 12), and Motion for Judgment by Default (Doc. 15) are **denied without prejudice**.

      (7)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

      Dated this 20th day of August, 2024.

James A. Teilborg
Senior United States District Judge

JDDL-K

- 10 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $455.00 ($350.00 filing fee plus $55.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $455 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/23

<u>Phoenix & Prescott Divisions</u>:       **OR**      <u>Tucson Division</u>:
U.S. District Court Clerk                              U.S. District Court Clerk
U.S. Courthouse, Suite 130                       U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10         405 West Congress Street
Phoenix, Arizona  85003-2119                    Tucson, Arizona  85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address:_____
              Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed.**   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
                    (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____ .   The first Defendant is employed
as: _____ at_____ .
                        (Position and Title)                                           (Institution)

2.   Name of second Defendant: _____ .   The second Defendant is employed as:
as: _____ at_____ .
                        (Position and Title)                                           (Institution)

3.   Name of third Defendant: _____ .   The third Defendant is employed
as: _____ at_____ .
                        (Position and Title)                                           (Institution)

4.   Name of fourth Defendant: _____ .   The fourth Defendant is employed
as: _____ at_____ .
                        (Position and Title)                                           (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes       ☐ No

2.   If yes, how many lawsuits have you filed? _____ .   Describe the previous lawsuits:

    a.   First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____ .
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
               _____ .

    b.   Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____ .
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
               _____ .

    c.   Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____ .
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
               _____ .

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

### D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                    ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count I?        ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                      ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
     _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities           ☐ Mail                  ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property              ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                     ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count III?                ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?       ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                    SIGNATURE OF PLAINTIFF




_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.